## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 23-cr-374** |
| | : | |
| **v.** | : | |
| | : | |
| **RICARDO LUCAS, also known** | : | |
| **as "Gucci"** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial.   The United States seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(C) (Controlled Substance Offense with a Maximum Sentence of More Than Ten Years).   In support thereof, the United States respectfully relies on the following points and authorities, as well as any other facts, arguments, and authorities that may be presented at the detention hearing.

### Introduction

Defendant Ricardo Lucas has been charged by indictment with one count of conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C).   Accordingly, a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A) exists because there is probable cause to believe the defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."   The defendant's pretrial services report concludes that "no conditions or combination of conditions can

1

reasonably assure the defendant's appearance or safety to the community.   The United States is prepared to proceed to argument at the detention hearing scheduled on December 15, 2023, and, under the Bail Reform Act, may proceed by way of proffer.   *See*, *e.g.*, *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *United States v. Hong Vo*, 978 F. Supp. 2d 41, 42 (D.D.C. 2013). Pursuant to the facts, circumstances, and authorities presented herein, and any that may be submitted at a detention hearing, the United States respectfully submits that the defendant cannot overcome the statutory presumption and must be held pending trial to ensure the safety of the community.

## Factual Background and Procedural History

On the morning of January 28, 2022, medical personnel and the Metropolitan Police Department ("MPD") began responding to what can only be described as a mass casualty event involving approximately nine fatal overdoses and five non-fatal drug overdoses, all occurring in and around the same area of Southwest, Washington D.C.   From the scene of several of the overdoses, agents recovered similar small, colored, plastic capsules of suspected drug residue or narcotics.   Preliminary testing of some of these capsules indicated the presence of butryl fentanyl and cocaine, while a DEA confirmatory lab test indicated the presence of Para-Flurofentanyl and cocaine in at least four capsules.

Based on the tight geographical cluster of the overdoses, the short time between the overdoses, and the similar capsules found on several overdose scenes, MPD suspected that all of the drugs were distributed from the same supplier or suppliers operating from Southwest, Washington D.C.   Law enforcement subsequently identified two individuals involved in supplying the drugs that led to the mass overdose event of January 28, 2022: Sheldon Marbley

("Marbley") and Shameka Hayes ("Hayes"), who have both been indicted on related charges.[1] During the course of this investigation, which remains ongoing, law enforcement identified the defendant as one supplier of narcotics to Marbley and Hayes.

On or about October 26, 2023, the defendant was indicted on one count of conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C).   On December 13, 2023, the defendant was arrested and arraigned before Magistrate Judge Robin M. Meriweather.   The United States requested detention pursuant to 18 U.S.C. § 3142(f)(1)(C) and a detention hearing was scheduled for December 15, 2023.

## ARGUMENT

The United States respectfully submits that there are no conditions or combination of conditions that would assure the safety of the community.   The Bail Reform Act, Section 3142(e), which authorizes detention without bail pending trial, states:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

Factors to be considered include

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person . . .

---

1   *See United States v. Marbley and Hayes*, 1:22-CR-00093 (CRC).   Marbley has pled guilty and is currently scheduled for sentencing on January 9, 2024.

> (4) the nature and seriousness of the danger to any person or
> the community that would be posed by the person's release. . . .

In this case, because probable cause has been established that the defendant participated in a narcotics conspiracy, an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, *see* 21 U.S.C. § 841(b)(1)(C), the statutory presumption favoring detention applies and operates to compel the defendant's pretrial detention, unless and until the defendant presents evidence to rebut it.  *See* 18 U.S.C. § 3142(e) ("it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community").  Even when a defendant presents evidence to attempt rebuttal of the presumption, the presumption "remains a factor for consideration by the district court in determining whether to release or detain."  Under the facts at issue here, the defendant cannot overcome this presumption.

I.      **Nature and Circumstances of the Offense Charged**

The United States respectfully submits that the nature and circumstances of the charged offense weigh in favor of detention.   First, the defendant has not been charged for his conduct as part of a single incident; rather, he has been charged with being part of a narcotics distribution conspiracy that continued from approximately June 2021 through March 2022.  Nor does the defendant's involvement in narcotics trafficking appear to have ended in March 2022.

As further detailed below, during the execution of a search warrant at the defendant's residence in conjunction with his arrest on or about December 13, 2023, law enforcement recovered items consistent with narcotics trafficking, including a scale and packaging materials consistent with the distribution of narcotics (in addition to firearms, ammunition and numerous

4

other related items).

**II.      Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly favors detention.    Cell phone records, as well as text messages, indicate not only that the defendant had significant contact with Marbley but that this contact specifically involved discussions believed to be related to the defendant's provision of drugs to Marbley, such as that reflected below:



Similarly, an Instagram account associated with the defendant has also been used to send messages that similarly corroborate the defendant's involvement in narcotics trafficking. Moreover, as demonstrated by the Instagram messages reflected below, the defendant's involvement in narcotics trafficking does not appear to be limited solely to the substance charged here –cocaine:

**Author** 2oin1 (Instagram: 357374432)
   **Sent** 2022-08-22 01:50:57 UTC
   **Body** When you get the pills

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-08-22 12:16:41 UTC
   **Body** Tomorrow

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-08-22 12:16:47 UTC
   **Body** Hmp bro

**Author** 2oin1 (Instagram: 357374432)
   **Sent** 2022-08-22 15:19:26 UTC
   **Body** Ight

**Author** 2oin1 (Instagram: 357374432)
   **Sent** 2022-08-22 22:20:25 UTC
   **Body** You ain't got none ?

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-08-23 05:33:32 UTC
   **Body** Nah later today bro

**Author** 2oin1 (Instagram: 357374432)
   **Sent** 2022-08-24 17:06:17 UTC
   **Body** ??

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-08-24 20:56:03 UTC
   **Body** Waiting for them now bro

**Author** 2oin1 (Instagram: 357374432)
   **Sent** 2022-08-24 20:56:09 UTC
   **Body** I want em

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-08-24 20:56:17 UTC
   **Body** Ard

rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-10-14 01:42:45 UTC
   **Body** Rp 10s and 20s 15$ n 40$

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-10-14 13:34:53 UTC
   **Body** 20s 30$ bro for u

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-10-16 23:56:24 UTC
   **Body** You sent an attachment.
   **Share**   **Date Created** Unknown
               **Text** Tell the ambulance have the door
                **Url** https://www.instagram.com/reel/(
                      d=2950078360760129449_2161(

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-10-18 15:45:48 UTC
   **Body** Wya
   **Share**   **Date Created** Unknown

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-10-18 15:47:30 UTC
   **Body** 🔫🔫🔫🔫🔫🔫
   **Share**   **Date Created** Unknown

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-10-18 15:47:46 UTC
   **Body** Got jammers to bro I needs u

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-10-18 15:47:50 UTC
   **Body** Asap

**Author** rose__gucciano (Instagram: 2310031696)
   **Sent** 2022-10-18 15:48:15 UTC
   **Body** Hmp my other phone broke 2409703602

As noted above, additional evidence of the defendant's narcotics trafficking was recovered from his residence on December 13, 2023.   This evidence includes a prescription bottle of pills labeled as oxycodone (not prescribed to the defendant), packaging materials, and other indicia related to the preparation and packaging of narcotics for distribution, as reflected in the images below:





The defendant is not currently charged with a firearms offense.   Given the known nexus between narcotics trafficking and firearms, however, it is significant that a firearm was recovered from the defendant's vehicle, which is registered to him.   In addition, two other firearms were recovered from the house.   Although the defendant's sister, who resides with him, claimed one of the firearms, it should be noted that the firearm was not registered to her.   Moreover, 40 caliber ammunition and a significant number of other firearms-related parts, such as Glock boxes, magazines, a weapon-mounted light, and AR-15 components, as well as body armor, were all recovered from the defendant's residence, as reflected in the images below:







### III.    Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weighs in favor of detention.    This Court considers, among other factors, "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history."   *United States v. Taylor*, 289 F. Supp. 3d 55, 69 (D.D.C. 2018).   This Court in considering pretrial detention "may also consider prior arrests or charges brought against a defendant, even when those actions did not result in convictions."   *See id.* at 70.

Based on the Pretrial Services Report, the defendant appears to be unemployed and has an extensive arrest history.   Although his criminal history is not extensive, the nature of his prior conviction (Aggravated Assault while Armed – Pistol, 2010 CF3 11882) is extremely concerning, particularly given the firearms and firearms-related items recovered from his vehicle and residence.   It is worth noting that although his supervision was terminated early in case 2010 CF3 11882, he would have been under supervision at present absent the early termination.   Moreover, it is even more concerning that the conduct for which he has been charged here actually occurred while he was *under supervision* in that case.   In sum, given the nature of the prior conviction, as well as the fact that the defendant is charged with his involvement in a narcotics conspiracy that occurred while he was under supervision, indicate that the defendant's history and characteristics weigh in favor of detention.

### IV.    Danger to the Community

As previously stated, the defendant has been, and appears to remain, involved in the distribution of narcotics, and that distribution does not appear to be limited to cocaine.   Moreover,

a significant number of firearms and related items were recovered from the defendant's residence, notwithstanding the fact that he has a prior firearms-related conviction and is a prohibited person.

In light of the danger inherent in the substances that the defendant apparently distributes, the violence that often attends such drug distribution, and the several firearms and ammunition recovered from the defendant's residence, the United States respectfully submits that no conditions, or combination of conditions, can sufficiently mitigate the danger posed to the public by the defendant's release.

## **CONCLUSION**

The Court should grant the government's motion to detain the defendant pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: */s/ Andrea Duvall*
ANDREA DUVALL
Assistant United States Attorney
AR Bar Number 2013114
United States Attorney's Office
601 D. Street NW
Washington, D.C.   20530
Telephone: 202-252-7277
Email: andrea.duvall@usdoj.gov

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 14, 2023, I caused a copy of the foregoing motion to be served on counsel of record via email.

<div style="margin-left:45%">

*/s/ Andrea Duvall*
ANDREA DUVALL
Assistant United States Attorney

</div>